# GUILTY PLEA and PLEA AGREEMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:07-CR-279-43-CAP-GGB
(Third Superseding Indictment)

KEVIN JIMENEZ-CASTILLO, defendant, having received a copy of the above-numbered Indictment ("Indictment") and having been arraigned, hereby pleads GUILTY to Counts One and Twenty thereof. The defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

## NATURE AND ELEMENTS OF THE OFFENSE

1. Defendant agrees to plead guilty to Counts One and Twenty of the Third Superseding Indictment, which charges violations of Title 21, United States Code, Section 846. As part of his plea of guilty, defendant admits the following facts and elements of the offenses:

a. Count One: (1) beginning on a date unknown, but at least as of November of 2006, until on or about December 6, 2007, there was an agreement between two or more persons to possess with the intent to distribute a controlled substance, namely, cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

b. Count Twenty: (1) two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956, as charged in Count Twenty; that is, to knowingly and willfully transport and

attempt to transport funds, that is, United States Currency, from a place in the United States, that is, Atlanta, Georgia, to a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, drug trafficking activities; and (2) defendant, knowing of the unlawful purpose of the plan, willfully joined in it.

Defendant further admits that he is pleading guilty because he is in fact guilty of the crimes charged in Count One and Count Twenty of the Third Superseding Indictment.

2. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth for Count One below, the government must prove beyond a reasonable doubt that defendant conspired to possess with the intent to distribute at least five (5) kilograms of a mixture or substance containing a detectable amount of cocaine. Defendant admits that he, in fact, conspired to possess with the intent to distribute more than five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, as described in Count One of the Indictment.

## WAIVER OF CONSTITUTIONAL RIGHTS

3. The defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against him. If the defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the defendant did not wish to testify, that fact could

not be used against him. If the defendant were found guilty after a trial, he would have the right to appeal the conviction. The defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. The defendant also understands that he ordinarily would have the right to appeal his conviction and sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack his conviction and sentence, as specified below. Finally, the defendant understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

PENALTIES

4. The defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

Count One:

(a) Maximum term of imprisonment: lifetime

(b) Mandatory minimum term of imprisonment: 20 years

(c) Term of supervised release: no less than 5 years, up to a lifetime

(d) Maximum fine: $8,000,000.00

(e) Mandatory special assessment: $100

(f) Forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of Count One and all property used or intended to be used to commit or facilitate the commission of said offense.

Count Twenty:

(a) Maximum term of imprisonment: 20 years

(b) Mandatory minimum term of imprisonment: none
(c) Term of supervised release: 3 year maximum
(d) Maximum fine: $500,000.00, or twice the value of the funds involved, whichever is greater
(e) Mandatory special assessment: $100
(f) Forfeiture of all property, real and personal involved in Count Twenty and all property traceable thereto.

Total

(a) Maximum term of imprisonment: lifetime
(b) Mandatory minimum term of imprisonment: 20 years
(c) Term of supervised release: no less than 5 years, up to a lifetime
(d) Maximum fine: $8,500,000.00 or $8,000,000.00 plus twice the value of the funds involved in the money laundering, whichever is greater;
(e) Mandatory special assessment: $200
(f Forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of Count One, all property used or intended to be used to commit or facilitate the commission of Count One, all property, real and personal involved in Count Twenty, and all property traceable to property involved in Count Twenty.

The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict his exact sentence at this time.

## FACTUAL BASIS

5. Defendant and the Government agree and stipulate to the statement of facts set forth in Exhibit A. This statement of facts includes facts sufficient to support defendant's plea of guilty to the charges described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to the parties that relate to that conduct. Both defendant and the Government retain the right to present additional facts to the Court to ensure a reasonable and appropriate sentence in this case.

## SENTENCING FACTORS

6. Based on the evidence currently known to the Government, the Government agrees to recommend, and the defendant agrees not to oppose, the following applications of the Sentencing Guidelines:

    a. The quantity of controlled substances attributable to defendant for sentencing purposes is more than 150 kilograms of mixture or substance containing a detectable amount of cocaine;

    b. Defendant and the Government reserve the right to argue that additional specific offense characteristics and adjustments are appropriate.

7. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## ASSET FORFEITURE

8.     The defendant voluntarily waives and abandons his interest in all property of any kind seized from him in connection with this case and all such property seized and forfeited, either civilly or criminally. The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or disposal of such property. The defendant acknowledges that the United States will dispose of such property and that procedures governing such disposal are for the benefit of the United States and do not confer any rights whatsoever upon him. The defendant further agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to any disposal of such property carried out in accordance with this Plea Agreement on any grounds.

## DEFENDANT'S OBLIGATIONS

9.     Defendant acknowledges and agrees that he previously was convicted of a felony drug offense in the Superior Court of Orange County, California, Case No. 94WF0267, which has become final, and therefore, is subject to the enhanced sentencing provisions of Title 21, United States Code, Sections 841(b)(1)(A), 846 and 851. Defendant further acknowledges and agrees that the plea in the above-referenced case was knowingly, intelligently, and voluntarily entered into, and defendant agrees that he will not attempt to challenge in any forum the legality or constitutionality of the above-referenced conviction or the circumstances surrounding his plea of guilty in the above-referenced case.

10.     The defendant agrees to pay any fine imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account. The defendant also agrees that the full fine amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under

the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine. The defendant further agrees to cooperate fully in efforts to collect the fine obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the defendant and his counsel agree that Government officials may contact the defendant regarding the collection of any fine without notifying and outside the presence of his counsel.

11. The defendant agrees that, within 30 days of the guilty plea, defendant will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

## GOVERNMENT'S OBLIGATIONS

12. The Government will recommend that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the

Government will not be required to recommend acceptance of responsibility.

13. In consideration for the Defendant's agreement to plead guilty and to the other agreements described more particularly herein, the Government agrees to withdraw its reliance pursuant to Title 21, United States Code, Section 851(a) on his May 5, 1995, conviction in Orange County, California for Possession of a Controlled Substance with Intent to Sell in case number 95NF0800. The Government further agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of Counts Two, Three, and Five of the Second Superseding Indictment and Count Sixteen as to the Third Superseding Indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines.

14. In consideration for the Defendant's agreement to plead guilty and to the other agreements described more particularly herein, the United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the defendant related to the charges to which he is pleading guilty. The defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

15. The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

16. To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal any forfeiture, the conviction, and his sentence and the right to collaterally attack his conviction, sentence, and any forfeiture carried out in connection with this plea agreement in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may file a cross-appeal regarding his sentence.

## WAIVER OF DNA TESTING

17. The parties agree that no biological evidence (as defined in 18 USC § 3600A) has been identified in this case; therefore, the defendant understands and agrees that no evidence will be preserved for DNA testing.

## WAIVER OF FOIA

18. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## BREACH OF THE AGREEMENT

19. If the defendant fails in any way to fulfill each one of his obligations under this Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute the defendant for any and all Federal crimes that he has committed related to this case, including any

charges dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. In addition, the defendant agrees that, in such a prosecution, all admissions and other information that he has provided at any time, including all statements he has made and all evidence he has produced during proffers, interviews, testimony, and otherwise, may be used against him, regardless of any constitutional provision, statute, rule, or agreement to the contrary. Finally, the defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea in this case.

## AGREEMENT NOT BINDING ON COURT

20. The defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## COMPLETE AGREEMENT

21. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this 23rd day of January, 2009.

_____
SIGNATURE (Attorney for Defendant)
CHRISTOPHER TAYLOR, ESQ.

_____
SIGNATURE (Defendant)
KEVIN JIMENEZ-CASTILLO

_____
SIGNATURE (Assistant U.S. Attorney)
ELIZABETH M. HATHAWAY

_____
SIGNATURE (Assistant U.S. Attorney)
JENNY R. TURNER

_____
SIGNATURE (Approving Official)
WILLIAM THOMAS, JR.

1/4/09
_____
DATE

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_Kevin Jimenez Castillo_  
SIGNATURE (Defendant)

1/23/09  
DATE

I am KEVIN JIMENEZ-CASTILLO'S lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_[signature]_  
SIGNATURE (Defense Attorney)

1/23/09  
DATE

INFORMATION BELOW MUST BE TYPED OR PRINTED

| | |
|---|---|
| CHRISTOPHER TAYLOR | KEVIN JIMENEZ-CASTILLO |
| NAME (Attorney for Defendant) | NAME (Defendant) |

6855 Jimmy Carter Blvd st 2150
STREET

STREET

Norcross GA 30071
CITY & STATE    ZIP CODE

CITY & STATE    ZIP CODE

PHONE NUMBER 770-650-7700

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER 699696

Filed in Open Court

_____

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:07-CR-279-CAP-GGB |
| DEFENDANT'S NAME: | KEVIN JIMENEZ-CASTILLO |
| PAY THIS AMOUNT: | $200 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

   CLERK OF COURT, U.S. DISTRICT COURT

   **PERSONAL CHECKS WILL NOT BE ACCEPTED**

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk of Court, U.S. District Court
   2211 U.S. Courthouse
   75 Spring Street, S.W.
   Atlanta, Georgia 30303

   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA

## EXHIBIT A

Beginning on an unknown date and continuing until December 6, 2007, defendant was engaged in a conspiracy with individuals known as "OSCAR," "EL AS," and others to posses cocaine with the intent to distribute. Specifically, the defendant, aided and abetted by others, received quantities of cocaine that exceeded 150 kilograms from representatives of OSCAR and EL AS with the intent to distribute those drugs. The Defendant acknowledges that cocaine is a Schedule II controlled substance.

The Defendant was involved in maintaining drug and drug money stash houses located in the Northern District of Georgia. One of them was located at 4985 Appaloosa Trail in Norcross, Georgia, a place in the Northern District of Georgia, where co-conspirators Anterio Pineda Camacho, Julian Ortuno Herrera, and Alejandro Gutierrez Beiza were arrested; a second was located at 2615 Ingram Road in Norcross, Georgia, also within the Northern District of Georgia, where co-conspirator Damien Lopez-Gonzalez was arrested. Ledgers seized from other locations associated with members of the organization show that between July of 2007 and December 4, 2007, the Defendant, along with his codefendants, delivered a total of approximately $3,746,980.00 in cash proceeds traceable to cocaine sales to other organization members, an amount of cash that represents the sale of more than 187 kilograms of cocaine.