IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


UNITED STATES OF AMERICA,      )
                               )
             PLAINTIFF,        )
                               )
        VS.                    )
                               )          DOCKET NUMBER
KEVIN JIMENEZ-CASTILLO,        )          1:07-CR-279-CAP-43
                               )
             DEFENDANT.        )          ATLANTA, GEORGIA
                               )          JANUARY 23, 2009
                               )
_____ )


TRANSCRIPT OF GUILTY PLEA PROCEEDINGS
BEFORE THE HONORABLE BEVERLY B. MARTIN,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:              ELIZABETH HATHAWAY
                               UNITED STATES ATTORNEY'S OFFICE
                               ATLANTA, GEORGIA  30303

FOR THE DEFENDANT:             CHRISTOPHER TAYLOR
                               HERNAN, TAYLOR & LEE
                               NORCROSS, GEORGIA  30071




OFFICIAL COURT REPORTER:       MONTRELL VANN, CCR,RPR,RMR,CRR
                               2394 UNITED STATES COURTHOUSE
                               75 SPRING STREET, SOUTHWEST
                               ATLANTA, GEORGIA  30303
                               (404)215-1549

1        *(IN ATLANTA, FULTON COUNTY, GEORGIA, JANUARY 23, 2009, IN*

2   *OPEN COURT.)*

3             THE COURT:  GOOD AFTERNOON.  YOU CAN BE SEATED.  WE

4   WILL SWEAR OUR INTERPRETER.

5                     (INTERPRETER SWORN.)

6             THE INTERPRETER:  MY NAME IS ANTONIO GAVILANEZ.  GOOD

7   AFTERNOON.

8             THE COURT:  GOOD AFTERNOON.  THANK YOU FOR BEING WITH

9   US.

10        AND WE HAVE MS. HATHAWAY AND MR. TAYLOR; CORRECT?

11             MR. TAYLOR:  YES, YOUR HONOR.

12             THE COURT:  MR. TAYLOR, SHOULD I REFER TO YOUR CLIENT

13   AS MR. JIMENEZ, MR. CASTILLO, OR MR. JIMENEZ-CASTILLO?

14             MR. TAYLOR:  MR. JIMENEZ IS FINE, YOUR HONOR.  THANK

15   YOU.

16             THE COURT:  OKAY.  WOULD YOU LIKE TO VERIFY THE

17   SIGNATURES, PLEASE?

18             MS. HATHAWAY:  YES, YOUR HONOR.

19        MR. CASTILLO -- OR, EXCUSE ME, MR. JIMENEZ, I'M SHOWING YOU

20   THE PLEA AGREEMENT THAT SETS FORTH THE AGREEMENT THAT YOU HAVE

21   WITH THE GOVERNMENT TO PLEAD TO COUNTS ONE AND 20 OF THE

22   INDICTMENT.  ON PAGE 11 OF THE AGREEMENT ON THE RIGHT-HAND SIDE

23   ABOVE YOUR PRINTED NAME THERE'S A HANDWRITTEN NAME.  DID YOU

24   SIGN THAT, SIR?

25             MR. JIMENEZ-CASTILLO:  YES, MA'AM.

1          MS. HATHAWAY:  AND THEN ON PAGE 12 ABOVE THE LINE THAT

2   SAYS SIGNATURE OF DEFENDANT, THERE IS A HANDWRITTEN NAME.  DID

3   YOU SIGN THAT AS WELL?

4          MR. JIMENEZ-CASTILLO:  YES, I DID.

5          MS. HATHAWAY:  AND, MR. TAYLOR, ON BEHALF OF

6   MR. JIMENEZ ALSO ON PAGE 11 THERE'S A SIGNATURE OVER YOUR

7   PRINTED NAME.  IS THAT YOUR SIGNATURE, SIR?

8          MR. TAYLOR:  YES.

9          MS. HATHAWAY:  AND THEN ON PAGE 12 OVER THE LINE THAT

10  SAYS SIGNATURE DEFENSE ATTORNEY, IS THAT YOUR SIGNATURE?

11         MR. TAYLOR:  YES.

12         MS. HATHAWAY:  AND THEN, YOUR HONOR, I HAVE SIGNED IT

13  AS WELL AS MS. TURNER AND MR. THOMAS ON BEHALF OF THE UNITED

14  STATES.

15         THE COURT:  GREAT.  THANK YOU.

16     CAN I GET YOU ALL TO COME UP TO THE PODIUM, PLEASE?

17     MR. JIMENEZ, I'M GOING TO SPEND SOME TIME THIS AFTERNOON

18  GOING OVER WITH YOU ALL THE RIGHTS THAT YOU'RE GUARANTEED WHEN

19  YOU'RE ACCUSED OF A CRIME AND THE RIGHTS THAT YOU WOULD BE

20  WAIVING IF YOU PLEAD GUILTY TO THIS CRIME.  THEN I ALSO AM GOING

21  TO TALK TO YOU ABOUT THE CONSEQUENCES THAT WILL FLOW FROM YOUR

22  PLEA OF GUILTY TO THESE TWO COUNTS.  IT MAY SOUND LIKE I'M

23  TRYING TO TALK YOU OUT OF PLEADING GUILTY.  I'M NOT.  I JUST

24  WANT YOU TO BE FULLY INFORMED ABOUT YOUR RIGHTS AND THE

25  CONSEQUENCES OF PLEADING GUILTY.  DO YOU UNDERSTAND THAT?

1        MR. JIMENEZ-CASTILLO:  YES, MA'AM.

2        THE COURT:  ALL RIGHT.  I NEED TO ASK YOU SOME

3    QUESTIONS, AND BEFORE I DO THAT WE'RE GOING TO ASK YOU TO TAKE

4    AN OATH.  WOULD YOU RAISE YOUR RIGHT HAND.

5                    KEVIN JIMENEZ-CASTILLO

6        AFTER HAVING BEEN FIRST DULY SWORN, TESTIFIED AS FOLLOWS:

7                         EXAMINATION

8    BY THE COURT:

9    Q.   ALL RIGHT.  THANK YOU.  A COUPLE OF THINGS ABOUT THE OATH.

10   NOW, YOU'VE SWORN TO ANSWER MY QUESTIONS TRUTHFULLY.  THAT MEANS

11   IF YOU TELL ME A LIE YOU CAN BE CHARGED WITH PERJURY.  DO YOU

12   UNDERSTAND THAT?

13   A.   YES, YOUR HONOR.

14   Q.   FOR THAT REASON, IF I SAY SOMETHING TO YOU THAT YOU DON'T

15   UNDERSTAND OR IF THERE'S A PROBLEM WITH THE TRANSLATION, ANY

16   QUESTIONS ABOUT WHAT I'M TRYING TO COMMUNICATE TO YOU, PLEASE

17   TELL ME SO THAT I CAN TRY TO CLEAR THINGS UP BEFORE WE PROCEED.

18   ALL RIGHT?

19   A.   THAT WILL BE FINE, YOUR HONOR.

20   Q.   THE FIRST FEW QUESTIONS I NEED TO ASK YOU RELATE TO WHETHER

21   OR NOT YOU'RE COMPETENT TO UNDERSTAND WHERE YOU ARE AND WHAT

22   YOU'RE DOING HERE TODAY.  WOULD YOU TELL ME FIRST, PLEASE, HOW

23   OLD YOU ARE.

24   A.   34 YEARS OLD.

25   Q.   AND HOW MUCH EDUCATION DO YOU HAVE?

1  A.   FIVE YEARS.

2          THE COURT:  ALL RIGHT.  MR. TAYLOR, DO YOU SPEAK

3  SPANISH?

4          MR. TAYLOR:  YES, YOUR HONOR.

5          THE COURT:  YOU DO.  SO YOU'VE BEEN ABLE TO

6  COMMUNICATE WITH YOUR CLIENT?

7          MR. TAYLOR:  YES, YOUR HONOR.

8          THE COURT:  ANY PROBLEMS COMMUNICATING WITH HIM AT

9  ALL?

10         MR. TAYLOR:  NONE WHATSOEVER.

11 BY THE COURT:

12 Q.   OKAY.  MR. JIMENEZ, HAVE YOU TAKEN ANY NARCOTIC DRUGS OR

13 OTHER MEDICINES IN THE LAST 24 HOURS?

14 A.   NO, YOUR HONOR.

15 Q.   ARE YOU UNDER THE INFLUENCE OF ALCOHOL?

16 A.   NO, YOUR HONOR.

17 Q.   ALL RIGHT.  HAVE YOU BEEN TREATED RECENTLY FOR ANY TYPE OF

18 MENTAL ILLNESS OR ADDICTION TO NARCOTIC DRUGS?

19 A.   NO, YOUR HONOR.

20         THE COURT:  ALL RIGHT.  MR. TAYLOR, HAS MR. JIMENEZ

21 TOLD YOU ANYTHING ABOUT DRUGS, ALCOHOL, ANYTHING RELATED TO HIS

22 MENTAL STATE THAT MIGHT INTERFERE WITH HIS ABILITY TO UNDERSTAND

23 WHAT WE'RE DOING HERE TODAY.

24 A.   NO, YOUR HONOR.

25 Q.   DO YOU HAVE ANY DOUBT ABOUT HIS COMPETENCE TO OFFER A PLEA

1  OF GUILTY TO THESE CHARGES?

2  A.   NO, YOUR HONOR.

3  Q.   ALL RIGHT.  THANK YOU.  NOW, MR. JIMENEZ, I'M GOING TO GO

4  OVER WITH YOU ALL OF THE RIGHTS THAT YOU'RE GUARANTEED WHEN

5  YOU'RE ACCUSED OF A CRIME, AND AS I MENTIONED, MANY OF THESE

6  RIGHTS YOU WOULD BE WAIVING IF I ACCEPT YOUR OFFER OF A PLEA OF

7  GUILTY TO THE CHARGES.  DO YOU UNDERSTAND THAT UNDER THE

8  CONSTITUTION AND THE LAWS OF THE UNITED STATES YOU HAVE THE

9  RIGHT TO PLEAD GUILTY (SIC) TO THESE CHARGES AND MAINTAIN YOUR

10 PLEA OF NOT GUILTY UP TO AND THROUGH A TRIAL BY A JURY?

11 A.   YES, YOUR HONOR.

12 Q.   DO YOU UNDERSTAND THAT YOU'RE ENTITLED TO A SPEEDY AND A

13 PUBLIC TRIAL BY A JURY OR A JUDGE ON THE CHARGES CONTAINED IN

14 THE INDICTMENT AGAINST YOU?

15 A.   YES, YOUR HONOR.

16 Q.   DO YOU UNDERSTAND THAT AT YOUR TRIAL YOU WOULD HAVE THE

17 RIGHT TO HAVE A LAWYER REPRESENT YOU, AND IF YOU CANNOT AFFORD A

18 LAWYER, ONE WOULD BE APPOINTED TO REPRESENT YOU?

19 A.   YES, YOUR HONOR.

20 Q.   DO YOU UNDERSTAND THAT AT YOUR TRIAL YOU WOULD BE PRESUMED

21 TO BE INNOCENT AND THE GOVERNMENT WOULD BE REQUIRED TO OVERCOME

22 THAT PRESUMPTION BY COMPETENT EVIDENCE AND BEYOND A REASONABLE

23 DOUBT?

24 A.   YES, YOUR HONOR.

25 Q.   DO YOU UNDERSTAND THAT AT YOUR TRIAL YOU WOULD HAVE THE

1  RIGHT TO SUBPOENA WITNESSES AND CAUSE THEM TO COME TO THE TRIAL

2  AND TESTIFY?

3  A.   YES, YOUR HONOR.

4  Q.   DO YOU UNDERSTAND THAT DURING THE COURSE OF THE TRIAL THE

5  WITNESSES AGAINST YOU WOULD BE REQUIRED TO TESTIFY IN YOUR

6  PRESENCE?

7  A.   YES, YOUR HONOR.

8  Q.   DO YOU UNDERSTAND THAT DURING THE TRIAL YOUR LAWYER WOULD

9  HAVE THE RIGHT TO CROSS-EXAMINE THE WITNESSES AGAINST YOU, HE

10 COULD OBJECT TO EVIDENCE OFFERED AGAINST YOU, AND HE COULD OFFER

11 EVIDENCE ON YOUR BEHALF?

12 A.   YES, YOUR HONOR.

13 Q.   DO YOU UNDERSTAND THAT AT YOUR TRIAL YOU WOULD HAVE THE

14 RIGHT TO TESTIFY IF YOU WANTED TO, BUT YOU ALSO HAVE THE

15 CONSTITUTIONAL RIGHT NOT TO TESTIFY?

16 A.   YES, YOUR HONOR.

17 Q.   ALL RIGHT.  DO YOU UNDERSTAND THAT IF YOU CHOSE NOT TO

18 TESTIFY OR IF YOU CHOSE TO PUT ON NO EVIDENCE AT ALL, THAT THOSE

19 FACTS CANNOT BE USED AGAINST YOU?

20 A.   YES, YOUR HONOR.

21 Q.   DO YOU UNDERSTAND THAT IF I ACCEPT YOUR OFFER OF A PLEA OF

22 GUILTY YOU'LL WAIVE EACH OF THESE RIGHTS?

23 A.   YES, YOUR HONOR.

24 Q.   SO WHAT WILL HAPPEN IF I ACCEPT YOUR OFFER OF A PLEA OF

25 GUILTY, YOU WON'T HAVE A TRIAL, BUT I'LL ENTER A JUDGMENT OF

1  GUILT IN YOUR CASE AND YOU'LL BE SENTENCED BASED ON YOUR GUILTY

2  PLEA ALONE.

3  A.  YES, YOUR HONOR.

4  Q.  I WANTED TO BE SURE YOU UNDERSTOOD AS WELL THAT BY PLEADING

5  GUILTY THERE WILL NEVER BE A JURY IN YOUR CASE, AND THAT CAN

6  AFFECT HOW YOUR SENTENCING PROCEEDS.  WHAT THAT MEANS IS IF WHEN

7  I SENTENCE YOU THERE'S A DISPUTE ABOUT SOME FACT IN YOUR CASE, A

8  JURY WILL NOT DECIDE THAT DISPUTE, BUT I WILL.  DO YOU

9  UNDERSTAND THAT?

10  A.  YES, YOUR HONOR.

11  Q.  AND, FINALLY, YOU HAVE A RIGHT NOT TO INCRIMINATE YOURSELF,

12  AND I NEED TO BE SURE YOU UNDERSTAND THAT BY PLEADING GUILTY

13  YOU'LL HAVE TO WAIVE THAT RIGHT AS WELL SO THAT I CAN ASK YOU

14  ABOUT WHAT YOU DID TO BE SURE THAT IT'S APPROPRIATE FOR YOU TO

15  PLEAD GUILTY TO THESE CHARGES.  DO YOU UNDERSTAND THAT?

16  A.  YES, YOUR HONOR.

17  Q.  ALL RIGHT.  ARE YOU WILLING TO WAIVE AND GIVE UP YOUR RIGHT

18  TO A TRIAL AND ALL THE RIGHTS I'VE JUST TALKED TO YOU ABOUT?

19  A.  YES, YOUR HONOR.

20  Q.  I THINK I DID THIS YESTERDAY, TOO.  I'M NOT GOING TO

21  SENTENCE YOU, MR. JIMENEZ.  ANOTHER JUDGE IS GOING TO.  AND SO I

22  HAD JUST SAID, "WHEN I SENTENCE YOU," THAT'S REALLY NOT RIGHT.

23  IT WILL BE JUDGE PANNELL THAT SENTENCES YOU.  DO YOU UNDERSTAND?

24  A.  THAT WILL BE FINE, YOUR HONOR.

25       THE COURT:  I MISSPOKE.  NOW I'M GOING TO GO OVER YOUR

AGREEMENT WITH THE GOVERNMENT WITH YOU, AND THE WAY I'M GOING TO

DO THAT IS ASK MS. HATHAWAY TO DESCRIBE THAT AGREEMENT.  AND I

NEED YOU TO LISTEN TO WHAT SHE SAYS BECAUSE I'M GOING TO ASK YOU

ABOUT IT.

MS. HATHAWAY:  YES, YOUR HONOR.  PARAGRAPH ONE OF THE

AGREEMENT GOES OVER THE ELEMENTS OF THE OFFENSE TO WHICH THE

DEFENDANT IS PLEADING GUILTY.  THERE ARE TWO OFFENSES.  ONE IS

COUNT ONE, THE DRUG TRAFFICKING CONSPIRACY, AND SECOND IS COUNT

20, THE MONEY LAUNDERING CONSPIRACY.  IN THAT PARAGRAPH THE

DEFENDANT IS ADMITTING THAT HE IS PLEADING GUILTY BECAUSE HE IN

FACT COMMITTED THOSE TWO OFFENSES.  IN PARAGRAPH TWO IS A NOTICE

THAT IN ORDER FOR THE DEFENDANT TO BE SUBJECT TO THE STATUTORY

MAXIMUM AND MINIMUM SENTENCES THAT ARE SET FORTH A LITTLE

FURTHER IN THE AGREEMENT, THAT THE GOVERNMENT WOULD HAVE TO

PROVE THAT THE OFFENSE INVOLVED -- EXCUSE ME, THE OFFENSE

INVOLVED -- IN COUNT ONE INVOLVED AT LEAST FIVE KILOGRAMS OF A

MIXTURE OR SUBSTANCE CONTAINING A DETECTIBLE AMOUNT OF COCAINE.

AND THE DEFENDANT IS AGREEING THAT THE DRUG TRAFFICKING OFFENSE

DID IN FACT INVOLVE AT LEAST FIVE KILOS OF COCAINE.

PARAGRAPH THREE SETS FORTH THE CONSTITUTIONAL RIGHTS THAT

THE DEFENDANT WILL BE WAIVING BY ENTERING IN THIS AGREEMENT.

COUNT FOUR -- EXCUSE ME, COUNT FOUR -- PARAGRAPH FOUR SETS FORTH

THE PENALTIES TO WHICH THE DEFENDANT IS SUBJECT TO FOR PLEADING

TO THESE OFFENSES.  IT ALSO SETS FORTH THAT THE -- A NOTICE THAT

THE COURT IS REQUIRED TO CONSIDER THE SENTENCING GUIDELINES, BUT

1  THAT IT IS ULTIMATELY WITHIN THE COURT'S DISCRETION TO SENTENCE

2  THE DEFENDANT TO ANY SENTENCE UP TO AND INCLUDING THE STATUTORY

3  MAXIMUM AND THAT NO ONE CAN PREDICT HIS SENTENCE AT THIS TIME.

4  PARAGRAPH FIVE WHICH INCORPORATES EXHIBIT A SETS FORTH A

5  FACTUAL BASIS.  THIS FACTUAL BASIS IS INTENDED TO SUPPORT THIS

6  GUILTY PLEA, BUT DOES NOT SET FORTH ALL OF THE FACTS THAT ARE

7  KNOWN TO THE PARTIES AT THIS TIME.  PARAGRAPH SIX SETS FORTH --

8  EXCUSE ME, SIX AND SEVEN SET FORTH SOME SENTENCING FACTORS THAT

9  THE PARTIES ARE AGREEING TO.  IN PARAGRAPH SIX THE PARTIES ARE

10  AGREEING THAT THE QUANTITY OF CONTROLLED SUBSTANCE ATTRIBUTABLE

11  TO THE DEFENDANT FOR SENTENCING PURPOSES IS MORE THAN 150 KILOS

12  OF COCAINE.  AND THEN IN PARAGRAPH B THE PARTIES ARE RESERVING

13  THE RIGHT TO ARGUE THAT SPECIFIC -- OTHER SPECIFIC OFFENSE

14  CHARACTERISTICS AND ADJUSTMENTS MAY BE APPROPRIATE.  AND IN

15  PARAGRAPH SEVEN THE DEFENDANT IS ACKNOWLEDGING THAT WITH RESPECT

16  TO THE GOVERNMENT'S RECOMMENDATIONS, ANYWHERE IN THE AGREEMENT,

17  THAT THE GOVERNMENT SHOULD LEARN FACTS SUCH THAT ARE

18  INCONSISTENT WITH THE GOVERNMENT'S AGREEMENT, THE GOVERNMENT

19  WILL NOT HAVE TO MAKE THOSE RECOMMENDATIONS.  IT CAN INFORM THE

20  COURT AND THE PROBATION OFFICE OF THOSE FACTS.

21  PARAGRAPH EIGHT SETS FORTH AN ASSET FORFEITURE PROVISION.

22  PARAGRAPHS NINE THROUGH 11 SET FORTH THE DEFENDANT'S

23  OBLIGATIONS.  IN PARAGRAPH NINE THE DEFENDANT IS ADMITTING THAT

24  HE HAS IN FACT BEEN CONVICTED OF A PRIOR FELONY DRUG OFFENSE

25  WHICH HAS BECOME FINAL.  AND THEN PARAGRAPHS TEN AND 11 HAVE TO

1 DO WITH PAYMENT OF THE -- ANY FINE THAT THE COURT MAY ULTIMATELY

2 IMPOSE AS WELL AS A SPECIAL ASSESSMENT.  PARAGRAPHS 12 THROUGH

3 15 SET FORTH THE GOVERNMENT'S OBLIGATIONS.  THE GOVERNMENT IS

4 AGREEING TO ACCEPTANCE OF RESPONSIBILITY RECOMMENDATIONS IN

5 PARAGRAPH 12.  IN PARAGRAPH 13 THE GOVERNMENT IS NOT -- EXCUSE

6 ME, IT'S AGREEING NOT TO PURSUE AN ENHANCEMENT BASED ON THE

7 DEFENDANT'S SECOND OR SUBSEQUENT -- I DON'T KNOW IF IT IS A

8 SUBSEQUENT, BUT ANOTHER FELONY DRUG CONVICTION WHICH IT HAD

9 GIVEN NOTICE PURSUANT TO SECTION 851 OF TITLE 21.  IN PARAGRAPH

10 14 THE GOVERNMENT AGREES NOT TO BRING FURTHER CHARGES AGAINST

11 THE DEFENDANT.  AND THEN IN PARAGRAPH 15 THE GOVERNMENT RESERVES

12 THE RIGHT TO INFORM THE COURT AND THE PROBATION OFFICE OF ALL

13 FACTS AND CIRCUMSTANCES REGARDING THE DEFENDANT IN THIS CASE.

14       PARAGRAPH 16 IS A WAIVER OF COLLATERAL ATTACK AND APPEAL.

15 SPECIFICALLY THE DEFENDANT IS WAIVING HIS RIGHT TO APPEAL ANY

16 FORFEITURE, CONVICTION, AND SENTENCE, AS WELL AS THE RIGHT TO

17 COLLATERALLY ATTACK HIS CONVICTION, SENTENCE, AND FORFEITURE ON

18 ANY GROUND EXCEPT FOR THAT THE DEFENDANT MAY FILE A DIRECT

19 APPEAL OF A SENTENCE HIGHER THAN THE OTHERWISE APPLICABLE

20 ADVISORY SENTENCING GUIDELINE RANGE.  AND THE DEFENDANT IS

21 ACKNOWLEDGING THAT THIS PROVISION DOES NOT LIMIT THE

22 GOVERNMENT'S RIGHT TO APPEAL, BUT IF THE GOVERNMENT DOES APPEAL

23 THE SENTENCE, THE DEFENDANT IN THAT CASE MAY ALSO FILE A CROSS

24 APPEAL OF THE SENTENCE.

25       PARAGRAPH 17 AND 18 ARE WAIVERS OF FURTHER RIGHTS, 17

1   HAVING TO DO WITH D.N.A. TESTING, AND, 18, THE FREEDOM OF

2   INFORMATION ACT.  PARAGRAPH 19 SETS FORTH WHAT WOULD HAPPEN IF

3   DEFENDANT WERE TO BREACH THIS AGREEMENT.  PARAGRAPH 20 IS AN

4   AGREEMENT -- OR AN UNDERSTANDING THIS AGREEMENT IS NOT BINDING

5   ON THE COURT.  AND THEN PARAGRAPH 21 IS AN ACKNOWLEDGMENT THAT

6   THIS IS THE COMPLETE AGREEMENT THAT THE PARTIES HAVE.

7   BY THE COURT:

8   Q.   ALL RIGHT.  MR. JIMENEZ, YOU HEARD MS. HATHAWAY DESCRIBE

9   THE AGREEMENT YOU HAVE WITH THE GOVERNMENT.  DID SHE DESCRIBE IT

10  IN KEEPING WITH YOUR UNDERSTANDING OF THAT AGREEMENT?

11  A.   YES, YOUR HONOR.

12  Q.   IN ADDITION TO HEARING WHAT SHE HAD TO SAY ABOUT IT, HAVE

13  YOU GONE OVER THE DOCUMENT WITH MR. TAYLOR?

14  A.   YES, MA'AM.

15  Q.   DO YOU UNDERSTAND IT?

16  A.   YES, MA'AM.

17  Q.   DO YOU HAVE ANY QUESTIONS ABOUT IT?

18  A.   NO, YOUR HONOR.

19  Q.   OKAY.  I WANTED TO JUST POINT OUT A FEW THINGS ABOUT IT.

20  THIS IS AN AGREEMENT BETWEEN YOU AND THE GOVERNMENT, BUT THE

21  JUDGE THAT'S GOING TO BE SENTENCING YOU IS NOT A PARTY TO IT AND

22  HE'S NOT BOUND BY IT.  DO YOU UNDERSTAND THAT?

23  A.   YES, YOUR HONOR.

24  Q.   OKAY.  THE WORST THING THAT CAN MEAN FOR YOU IS THAT HE

25  DECIDES TO SENTENCE YOU MORE HARSHLY THAN WHAT YOU ALL HAVE

1 TALKED ABOUT, AND IF HE DECIDED TO DO THAT, HE COULD, AND YOU

2 WOULD STILL BE BOUND BY YOUR GUILTY PLEA.  DO YOU UNDERSTAND

3 THAT?

4 A.   YES, YOUR HONOR.

5 Q.   OKAY.  IS THIS WRITTEN PLEA AGREEMENT THE ONLY AGREEMENT

6 YOU HAVE WITH THE GOVERNMENT?

7 A.   YES, YOUR HONOR.

8 Q.   DID ANYBODY PROMISE YOU SOMETHING THAT'S NOT WRITTEN DOWN

9 HERE TO CAUSE YOU TO COME PLEAD GUILTY TODAY?

10 A.   NO, MA'AM.

11 Q.   DID ANYBODY MAKE YOU A PROMISE ABOUT WHAT YOUR SPECIFIC

12 SENTENCE WOULD BE?

13 A.   NO, YOUR HONOR.

14 Q.   DID ANYBODY THREATEN YOU TO CAUSE YOU TO COME HERE AND

15 PLEAD GUILTY TODAY?

16 A.   NO, YOUR HONOR.

17 Q.   DID ANYBODY TELL YOU THAT IF YOU DON'T PLEAD GUILTY NEW

18 CHARGES WOULD BE BROUGHT AGAINST YOU OR SOMETHING ELSE BAD WOULD

19 HAPPEN TO YOU?

20 A.   NO, YOUR HONOR.

21 Q.   DID ANYBODY TELL YOU TO TELL ME ANYTHING OTHER THAN THE

22 TRUTH?

23 A.   NO, YOUR HONOR.

24        THE COURT:  OKAY.  I'M JUST GOING TO ASK COUNSEL, DID

25 EITHER ONE OF YOU MAKE A PROMISE TO MR. JIMENEZ ABOUT WHAT HIS

1    SPECIFIC SENTENCE WOULD BE, MS. HATHAWAY?

2            MS. HATHAWAY:  NO, YOUR HONOR.

3            THE COURT:  MR. TAYLOR?

4            MR. TAYLOR:  NONE, YOUR HONOR.

5            THE COURT:  ARE EITHER ONE OF YOU AWARE OF ANY BARGAIN

6    AFFECTING HIS OFFER OF A PLEA OF GUILTY OTHER THAN THE WRITTEN

7    PLEA AGREEMENT, MS. HATHAWAY?

8            MS. HATHAWAY:  NO, YOUR HONOR.  AND I WOULD TELL THE

9    COURT I THINK MR. JIMENEZ HAD COUNSEL FROM ANOTHER PREVIOUS CASE

10   OF HIS WHO I BELIEVE ALSO CONSULTED WITH HIM SO THAT HE ACTUALLY

11   HAS CONSULTED WITH TWO ATTORNEYS FOR THIS PLEA AGREEMENT, BUT

12   THERE ARE NO OTHER BARGAINS THAT I KNOW OF.

13           THE COURT:  OKAY.

14           MR. TAYLOR:  NO BARGAINS, JUDGE.

15           THE COURT:  OKAY.  NOW I WANT TO TALK ABOUT THE FACTS

16   OF YOUR CASE, MR. JIMENEZ, AND I'M GOING TO ASK MS. HATHAWAY

17   JUST TO DO THAT.  I GUESS I COULD JUST --

18           MS. HATHAWAY:  I CAN READ IT, YOUR HONOR.

19           THE COURT:  OKAY.  ARE YOU GOING TO READ THE WHOLE

20   THING?  BASICALLY WHAT HE DID WAS MAINTAIN STASH HOUSES?

21           MS. HATHAWAY:  YOUR HONOR, THIS CASE INVOLVES AN

22   ORGANIZATION THAT WAS IMPORTING SIGNIFICANT AMOUNTS OF COCAINE

23   AS WELL AS TAKING THE PROCEEDS ONCE THAT COCAINE WAS SOLD AND

24   BRINGING IT BACK TO MEXICO IN A CONCEALED FASHION IN ORDER TO

25   PROMOTE THESE DRUG TRAFFICKING ACTIVITIES.  THE DEFENDANT WAS

ONE OF THE MAJOR DISTRIBUTORS FOR THIS ORGANIZATION.  HE WAS

OBTAINING LARGE AMOUNTS OF COCAINE.  HE -- WHEN HE WAS ARRESTED

HE WAS ACTUALLY ARRESTED IN FLORIDA, BUT HE WORKED WITH OTHER

PEOPLE, INCLUDING JULIAN ORTUNA-HERRERA, AND MAINTAINED AT LEAST

TWO STASH HOUSES HERE IN THE ATLANTA AREA.  ONE IS AT APALOOSA

TRAIL IN NORCROSS, GEORGIA.  THE ADDRESS IS 4985 APALOOSA TRAIL.

THERE WAS A SECOND STASH HOUSE AT 2615 INGRAM ROAD IN NORCROSS,

GEORGIA.

ULTIMATELY WHEN THE CASE WAS TAKEN DOWN AND A REVIEW OF

DRUG LEDGERS WERE DONE, THESE LEDGERS, BEING AT SORT OF THE MAIN

CONTROLLER'S HOUSE, THOSE LEDGERS INDICATED THAT BETWEEN JULY OF

2007, AND DECEMBER 4TH OF 2007, THE DEFENDANT HAD DELIVERED BACK

TO THE UPPER LEVELS OF THE ORGANIZATION FOR TRANSPORTATION BACK

TO MEXICO OVER $3.7 MILLION IN COCAINE PROCEEDS, AND THIS

REPRESENTS THE SALE OF MORE OR AT LEAST 187 KILOGRAMS OF

COCAINE.

THE COURT:  YOU WANT TO GIVE ME THE ELEMENTS OF THE

MONEY LAUNDERING COUNT, PLEASE?

MS. HATHAWAY:  CERTAINLY, YOUR HONOR.  IT'S A MONEY

LAUNDERING CONSPIRACY, AND THE ELEMENTS ARE:  FIRST, THAT TWO OR

MORE PERSONS IN SOME WAY OR MANNER CAME TO A MUTUAL

UNDERSTANDING TO TRY AND ACCOMPLISH A COMMON AND UNLAWFUL PLAN

TO VIOLATE TITLE 18, UNITED STATES CODE, SECTION 1956 AS CHARGED

IN COUNT 20.  AND SPECIFICALLY THAT IS TO KNOWINGLY AND

WILLFULLY TRANSPORT OR ATTEMPT TO TRANSPORT FUNDS, THAT IS,

1  UNITED STATES CURRENCY, FROM A PLACE IN THE UNITED STATES, IN

2  THIS CASE, ATLANTA, GEORGIA, TO A PLACE OUTSIDE THE UNITED

3  STATES, IN THIS CASE MEXICO, WITH THE INTENT TO PROMOTE THE

4  CARRYING ON OF THE SPECIFIED UNLAWFUL ACTIVITY, HERE, THE DRUG

5  TRAFFICKING ACTIVITIES.  AND, SECOND, THAT THE DEFENDANT KNOWING

6  OF THE UNLAWFUL PURPOSE OF THE PLAN WILLFULLY JOINED IN IT.

7          THE COURT:  OKAY.  THANK YOU.

8  BY THE COURT:

9  Q.   MR. JIMENEZ, YOU'VE HEARD MS. HATHAWAY DESCRIBE YOUR

10 INVOLVEMENT IN THIS DRUG CONSPIRACY, AND SHE TELLS ME THAT YOU

11 PARTICIPATED IN STORING COCAINE WHEN IT CAME INTO THE COUNTRY

12 AND THAT YOU PARTICIPATED IN GETTING THE MONEY FROM THE SALES OF

13 THE DRUGS OUT OF THE COUNTRY.  DID YOU DO THAT?

14 A.   I DIDN'T UNDERSTAND, YOUR HONOR.

15         THE COURT:  OH, I'M SORRY.

16         MR. TAYLOR:  MAY I CLARIFY ONE POINT, JUDGE?

17         THE COURT:  YES.

18         MR. TAYLOR:  I JUST WANT TO CLARIFY I THINK THAT THE

19 FACTS THAT MY CLIENT AND I AGREED TO IN EXHIBIT A WE AGREED TO

20 AS WRITTEN IN EXHIBIT A.  IT MAY BE A LITTLE BIT DIFFERENT THAN

21 WAS DESCRIBED AS FAR AS MY CLIENT'S ROLE IN ALL OF THIS.  ALSO,

22 IT'S DESCRIBED -- I THINK IT WAS OVER $300 MILLION -- I'M SORRY,

23 $3 MILLION AT -- WITH CO-DEFENDANTS.

24         THE COURT:  RIGHT.

25         MR. TAYLOR:  AND I JUST WANT TO CLARIFY.  I KNOW MY

1  CLIENT MAY FEEL UNCOMFORTABLE SAYING THAT HE WAS DIRECTLY

2  RESPONSIBLE FOR THAT --

3       THE COURT:  MY QUESTION WAS REALLY MORE GENERAL THAN

4  THAT.  I WAS JUST ASKING HIM IF HE PARTICIPATED IN THIS

5  CONSPIRACY.  AND AS I UNDERSTAND WHAT THE CONSPIRACY DID WAS

6  BROUGHT COCAINE INTO THE COUNTRY AND THEN STORED IT HERE, AND

7  ONCE THE DRUGS WERE SOLD, THE CONSPIRACY TOOK THE MONEY BACK

8  FROM THE UNITED STATES TO MEXICO.  AND SO I UNDERSTAND THAT'S

9  WHAT THE CONSPIRACY DID.  AND MY QUESTION TO HIM WAS, DID HE

10 PARTICIPATE IN THAT CONSPIRACY.

11      MR. JIMENEZ-CASTILLO:  YES, I DID, YOUR HONOR.

12 BY THE COURT:

13 Q.   OKAY.  AND IN TERMS OF, I GUESS, THE MONEY AMOUNT AND THE

14 COCAINE AMOUNTS SET FORTH IN THE EXHIBIT, THE PART OF YOUR PLEA

15 AGREEMENT, RELATE TO THE ENTIRE ACTIVITY OF THE CONSPIRACY.  DO

16 YOU UNDERSTAND THAT AND AGREE WITH THAT, MR. JIMENEZ?

17 A.   YES.

18      MS. HATHAWAY:  AND ACTUALLY, YOUR HONOR, JUST FOR THE

19 RECORD TO BE CLEAR, THOSE LEDGERS INDICATED THAT THERE WAS

20 SOMETHING LIKE $155 MILLION OVER A -- I BELIEVE A TEN-MONTH

21 PERIOD.  THE 3.7 MILLION COME FROM LEDGERS UNDER THE NAME OF

22 JOSE, WHICH IS A NICKNAME THAT THE DEFENDANT USED, AND JULIAN,

23 WHICH WAS THE PERSON HERE FROM A COURT (SIC) IN ATLANTA, SO THAT

24 3.7 MILLION IS ACTUALLY ATTRIBUTABLE.  AND I UNDERSTAND THE

25 DEFENDANT MAY NOT WANT TO AGREE TO THAT RIGHT NOW, BUT I WANTED

1  TO INDICATE TO THE COURT THAT IT IS HIS DIRECT PARTICIPATION.

2  HE WAS SELLING THE COCAINE (SIC).

3          THE COURT:  IN TERMS OF WHAT I COVER WITH HIM, I'M

4  SATISFIED THERE IS A FACTUAL BASIS FOR THE PLEA.  ARE YOU?

5          MS. HATHAWAY:  THAT'S FINE, YOUR HONOR.  I JUST DIDN'T

6  WANT TO LEAVE A MISIMPRESSION WITH THE COURT.

7          THE COURT:  WITH THESE STATUTORY MANDATORY MINIMUMS

8  DOES IT MATTER REALLY?

9          MS. HATHAWAY:  AS LONG AS HE AGREES THAT IT'S MORE

10 THAN FIVE KILOS OF COCAINE THAT WAS PART OF THIS CONSPIRACY,

11 THEN THAT'S FINE.

12         THE COURT:  WELL, WHY DON'T I JUST ASK HIM THAT.  AND,

13 AGAIN, THAT'S THE CONSPIRACY.  THAT'S NOT HIS INDIVIDUAL

14 PARTICIPATION?

15         MS. HATHAWAY:  AND --

16         THE COURT:  RIGHT?

17         MS. HATHAWAY:  THAT'S CORRECT, ALTHOUGH I WILL SAY WE

18 HAVE CALLS WHERE HE ORDERED UP 30 KILOS.

19         MR. TAYLOR:  I'M SURE WITH THE P.S.I. AND THE

20 SENTENCING, I'M SURE THAT'LL BE A ISSUE, BUT I THINK FOR

21 PURPOSES OF TODAY THAT THAT'S -- HE WOULD AGREE THAT IT'S AT

22 LEAST FIVE KILOGRAMS.

23         THE COURT:  OKAY.  I'D LIKE TO HEAR HIM TELL ME THAT.

24 BY THE COURT:

25 Q.   YOU WOULD AGREE THAT THE CONSPIRACY INVOLVED AT LEAST FIVE

1  KILOGRAMS OF COCAINE, WOULD YOU NOT, MR. JIMENEZ?

2  A.   YES, YOUR HONOR.

3          THE COURT:  OKAY.  MR. TAYLOR, I'M SURE YOU'VE GONE

4  OVER THE EVIDENCE IN THIS CASE WITH YOUR CLIENT.

5          MR. TAYLOR:  YES, YOUR HONOR.

6          THE COURT:  IS HE PLEADING GUILTY, TO YOUR KNOWLEDGE,

7  BECAUSE OF ANY ILLEGALLY OBTAINED EVIDENCE IN THE POSSESSION OF

8  THE GOVERNMENT?

9          MR. TAYLOR:  NO, YOUR HONOR.

10         THE COURT:  ALL RIGHT.  I FIND THERE IS A FACTUAL

11 BASIS FOR MR. JIMENEZ TO PLEAD GUILTY TO THESE TWO COUNTS.

12 BY THE COURT:

13 Q.   AND NOW, MR. JIMENEZ, WHAT I WANT TO TALK TO YOU ABOUT IS

14 YOUR PUNISHMENT.  AND THERE ARE SEVERAL THINGS THAT THE JUDGE

15 WILL HAVE TO CONSIDER IN DETERMINING WHAT THAT WILL BE.  THE

16 FIRST THING IS THE STATUTE, AND THE STATUTORY PENALTIES ARE SET

17 FORTH IN YOUR PLEA AGREEMENT ON PAGE THREE AND FOUR.  AND I

18 GUESS THE MOST IMPORTANT THING THAT I SEE ABOUT THAT IS THAT THE

19 JUDGE WILL BE REQUIRED TO SENTENCE YOU TO NO LESS THAN 20 YEARS,

20 AND UNDER THE STATUTE HE CAN SENTENCE YOU UP TO LIFE, AS I

21 UNDERSTAND IT.  DO YOU UNDERSTAND THAT, MR. JIMENEZ?

22 A.   YES, YOUR HONOR.

23 Q.   IN ADDITION TO THE STATUTE, THE JUDGE WILL HAVE TO CONSULT

24 THE UNITED STATES SENTENCING GUIDELINES.  MR. JIMENEZ, HAVE YOU

25 TALKED TO YOUR LAWYER OR LAWYERS ABOUT THE UNITED STATES

1  SENTENCING GUIDELINES AND HOW THAT CALCULATION MIGHT WORK IN

2  YOUR CASE?

3  A.   YES, YOUR HONOR.

4  Q.   OKAY.  WHAT I WANTED TO BE SURE YOU UNDERSTOOD ABOUT THAT

5  TODAY IS THAT WE CAN'T KNOW THE SENTENCING GUIDELINE CALCULATION

6  EXACTLY TODAY, BECAUSE AFTER TODAY THE PROBATION OFFICE IS GOING

7  TO DO AN INVESTIGATION OF YOU AND THEY'RE GOING TO WRITE A

8  REPORT, AND IT'S NOT UNTIL THEY'VE DONE THAT THAT WE CAN KNOW

9  FOR SURE WHAT YOUR GUIDELINE RANGE WILL BE.  DO YOU UNDERSTAND

10 THAT?

11 A.   YES, YOUR HONOR.

12 Q.   IF IT TURNS OUT THAT THE GUIDELINE CALCULATION OR -- I

13 THINK I'VE ALREADY COVERED THIS, BUT LET ME JUST DO IT AGAIN.

14 IF IT TURNS OUT THAT THE GUIDELINE CALCULATION IS DIFFERENT THAN

15 WHAT YOU AND YOUR LAWYER HAVE TALKED ABOUT, DO YOU UNDERSTAND

16 YOU'LL STILL BE BOUND BY YOUR PLEA OF GUILTY AND YOU WILL NOT

17 HAVE A RIGHT TO WITHDRAW YOUR GUILTY PLEA?

18 A.   YES, YOUR HONOR.

19 Q.   OKAY.  I WANT TO TALK TO YOU ABOUT THE APPEAL WAIVER,

20 BECAUSE THAT'S IMPORTANT.  BY YOUR AGREEMENT WITH THE GOVERNMENT

21 YOU ARE WAIVING ALL RIGHT TO TAKE ANY DIRECT APPEAL OF YOUR

22 CONVICTION OR YOUR SENTENCE UNLESS JUDGE PANNELL SENTENCES YOU

23 ABOVE THE GUIDELINE RANGE OR UNLESS THE GOVERNMENT APPEALS.  DO

24 YOU UNDERSTAND THAT?

25 A.   YES, YOUR HONOR.

1    Q.   YOU'RE ALSO WAIVING ALL RIGHT TO COLLATERALLY ATTACK YOUR

2    SENTENCE BY WAY OF A SEPARATE PLEADING IN A HABEAS CORPUS

3    PROCEEDING OR A SECTION 2255 PROCEEDING.  DO YOU UNDERSTAND

4    THAT?

5    A.   YES, YOUR HONOR.

6         THE COURT:  OKAY.  MR. TAYLOR, I'M ASSUMING YOU'VE

7    TALKED TO MR. JIMENEZ SPECIFICALLY ABOUT THE APPEAL WAIVER.

8         MR. TAYLOR:  YES, YOUR HONOR.

9         THE COURT:  ALL RIGHT.  AS BEST YOU CAN TELL HE

10   UNDERSTANDS THE CONSEQUENCES OF THAT?

11        MR. TAYLOR:  YES, YOUR HONOR.

12        THE COURT:  OKAY.

13   BY THE COURT:

14   Q.   MR. JIMENEZ, DO YOU HAVE ANY QUESTIONS ABOUT THE APPEAL

15   WAIVER?

16   A.   NO, YOUR HONOR.

17   Q.   OKAY.  YOUR PLEA AGREEMENT MENTIONED THAT THE STATUTE

18   REQUIRES A TERM OF SUPERVISED RELEASE FOR YOU.  I WANT TO BE

19   SURE YOU KNOW WHAT THAT IS.  THAT WOULD BE A PERIOD OF TIME

20   AFTER YOU ARE RELEASED FROM JAIL DURING WHICH YOU HAVE TO LIVE

21   BY CERTAIN RULES.  IF YOU VIOLATE THOSE RULES YOU CAN BE SENT

22   BACK TO JAIL.  DO YOU UNDERSTAND THAT?

23   A.   YES, YOUR HONOR.

24   Q.   A PART OF YOUR SENTENCE WILL BE A SPECIAL ASSESSMENT OF

25   $200.  DO YOU UNDERSTAND THAT?

```
 1   A.   YES, YOUR HONOR.

 2            THE COURT:  ARE THERE FORFEITURE ISSUES HERE?

 3            MS. HATHAWAY:  YOUR HONOR, AGAIN, I THINK MOST THINGS

 4   WERE ADMINISTRATIVELY FORFEITED.  THE DEFENDANT WAS FOUND AT A

 5   LOCATION IN FLORIDA.  LIKE I SAID, I THINK EVERYTHING FROM THERE

 6   HAS BEEN FORFEITED, BUT IT'S JUST KIND OF BELT AND SUSPENDER

 7   THAT ANYTHING THAT WAS A PART OF THESE OFFENSES COULD BE

 8   FORFEITED.

 9            THE COURT:  IS THERE ANYTHING ABOUT THAT IN YOUR PLEA

10   AGREEMENT OR AM I JUST MISSING IT?

11            MS. HATHAWAY:  YES, YOUR HONOR.  IT'S PARAGRAPH EIGHT

12   ON PAGE SIX.

13            THE COURT:  OH, OKAY.  MR. TAYLOR, IS THERE ANYTHING

14   YOU'RE WORRIED ABOUT IN THAT REGARD?

15            MR. TAYLOR:  NO, JUDGE.

16            THE COURT:  OKAY.

17   BY THE COURT:

18   Q.   MR. JIMENEZ, ARE YOU A UNITED STATES CITIZEN?

19   A.   NO, YOUR HONOR.

20   Q.   SO I FEEL SURE YOU KNOW, BUT YOU'LL BE DEPORTED AS A RESULT

21   OF THIS CONVICTION.  DO YOU UNDERSTAND THAT?

22   A.   YES, YOUR HONOR.

23   Q.   OKAY.  AND THERE ARE PENALTIES FOR RE-ENTERING WITHOUT

24   PERMISSION.  I'M SURE YOU UNDERSTAND THAT AS WELL?

25   A.   YES, YOUR HONOR.
```

1   Q.   IS THERE ANYTHING I'VE SAID TO YOU TODAY THAT YOU DIDN'T

2   UNDERSTAND OR YOU'D LIKE FOR ME TO CLARIFY NOW?

3   A.   EVERYTHING IS CLEAR, YOUR HONOR.

4   Q.   OKAY.  DO YOU FEEL LIKE YOU'VE HAD ENOUGH TIME TO THINK

5   ABOUT THIS AND TALK TO MR. TAYLOR ABOUT IT BEFORE COMING HERE

6   TODAY?

7   A.   YES, YOUR HONOR.

8           THE COURT:  DO YOU FEEL THAT WAY AS WELL, MR. TAYLOR?

9           MR. TAYLOR:  YES, YOUR HONOR.

10  BY THE COURT:

11  Q.   ALL RIGHT.  MR. JIMENEZ, ARE YOU PLEASED WITH MR. TAYLOR

12  AND THE REPRESENTATION AND THE ADVICE HE'S GIVEN YOU IN THIS

13  CASE?

14  A.   YES, YOUR HONOR.

15  Q.   MR. JIMENEZ, DO YOU KNOW OF ANY REASON WHY I SHOULD NOT

16  ALLOW YOU TO PLEAD GUILTY TO THESE CHARGES?

17  A.   NO, YOUR HONOR.

18          THE COURT:  THEN I'M GOING TO ACCEPT YOUR OFFER OF A

19  PLEA OF GUILTY TO THESE TWO COUNTS.

20      I FIND THAT MR. JIMENEZ UNDERSTANDS THE CHARGES AGAINST HIM

21  AND THE CONSEQUENCES OF PLEADING GUILTY TO THESE TWO COUNTS.

22  I'VE OBSERVED MR. JIMENEZ DURING THIS PROCEEDING.  HE DOES NOT

23  APPEAR TO BE UNDER THE INFLUENCE OF ANY SUBSTANCE THAT MIGHT

24  AFFECT HIS ABILITY TO UNDERSTAND WHAT WE'VE DONE OR HIS JUDGMENT

25  IN MAKING THE DECISION TO PLEAD GUILTY TO THESE CHARGES.  I FIND

1   THAT MR. JIMENEZ'S OFFER OF A PLEA OF GUILTY TO COUNTS ONE AND

2   COUNT 20 OF THE INDICTMENT HAS A FACTUAL BASIS.  I FIND THAT

3   IT'S FREE OF ANY COERCIVE INFLUENCE OF ANY KIND.  I FIND THAT

4   IT'S VOLUNTARILY MADE WITH A FULL KNOWLEDGE OF THE CHARGES

5   AGAINST HIM AND THE CONSEQUENCES OF PLEADING GUILTY TO THESE

6   CHARGES.  I FIND THAT MR. JIMENEZ IS COMPETENT TO UNDERSTAND

7   THESE PROCEEDINGS AND ENTER A KNOWING PLEA OF GUILTY.  I FIND

8   THERE HAVE BEEN NO PROMISES OF ANY KIND MADE TO MR. JIMENEZ BY

9   ANYONE EXCEPT THOSE SET FORTH IN THE WRITTEN PLEA AGREEMENT

10   THAT'S BEEN FILED HERE IN OPEN COURT TODAY.  IT'S HEREBY ORDERED

11   THAT MR. JIMENEZ'S OFFER OF A PLEA OF GUILTY TO COUNTS ONE AND

12   20 OF THE INDICTMENT IS ACCEPTED AND ENTERED.

13       MR. JIMENEZ, YOU'RE HEREBY ADJUDGED GUILTY OF THOSE TWO

14   COUNTS.  AND I DON'T HAVE A SENTENCING DATE SINCE I'M NOT GOING

15   TO BE DOING IT, BUT YOU'LL GET ONE FROM JUDGE PANNELL.  OKAY.

16         MS. HATHAWAY:  YOUR HONOR, THERE'S JUST ONE THING, AND

17   THIS IS IN THE PLEA AGREEMENT, BUT WE WENT OVER THE ELEMENTS OF

18   COUNT 20, BUT DIDN'T GO OVER THE ELEMENTS OF COUNT ONE.

19         THE COURT:  YOU WANT ME TO DO IT?

20   BY THE COURT:

21   Q.  MR. JIMENEZ, YOU'RE ENTITLED TO KNOW THE STATUTORY ELEMENTS

22   OF A CRIME, AND REALLY THE PURPOSE OF THAT IS SO YOU CAN BE SURE

23   YOU MEET THE QUALIFICATIONS TO BE ADJUDGED GUILTY OF THE CRIME.

24   AND I EXPLAINED THE ELEMENTS OF THE MONEY LAUNDERING -- OR

25   MS. HATHAWAY DID -- BUT NOT THE DRUG TRAFFICKING COUNT.  SO I

1  WANT TO TELL YOU THAT IN ORDER FOR YOU TO BE ADJUDGED GUILTY OF

2  COUNT ONE, IS YOU WOULD HAVE TO HAVE AN AGREEMENT OR ARRANGEMENT

3  WITH AT LEAST ONE OTHER PERSON TO DO SOMETHING THAT THE LAW

4  PROHIBITS, IN THIS CASE IT IS POSSESSION WITH INTENT TO

5  DISTRIBUTE AT LEAST FIVE KILOGRAMS OF COCAINE.  SO I NEED TO

6  JUST BE SURE YOU UNDERSTAND THAT AND THAT YOU CONTINUE TO TELL

7  ME THAT YOU'RE GUILTY OF THAT COUNT.

8  A.   YES.

9           THE COURT:  OKAY.  THANK YOU.

10          MS. HATHAWAY:  THANK YOU, YOUR HONOR.

11          THE COURT:  ANYTHING ELSE WE NEED TO TALK ABOUT?

12          MR. TAYLOR:  NO, JUDGE.

13          MS. HATHAWAY:  NO, YOUR HONOR.  THANK YOU.

14          THE COURT:  GOOD LUCK TO YOU, MR. JIMENEZ, AND THAT

15  CONCLUDES THIS PROCEEDING.  YOU ALL ARE EXCUSED.

16          MR. TAYLOR:  THANK YOU, JUDGE.

17              (PROCEEDINGS ADJOURNED.)

18

19

20

21

22

23

24

25

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, MONTRELL VANN, CCR, CSR, RPR, RMR, CRR, OFFICIAL COURT

REPORTER OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN

DISTRICT OF GEORGIA, DO HEREBY CERTIFY THAT THE FOREGOING 25

PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE

SAID COURT, HELD IN THE CITY OF ATLANTA, GEORGIA, IN THE MATTER

THEREIN STATED.

    IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE

28TH DAY OF MAY 2010.


                                    _____

                                    MONTRELL VANN, CCR,CSR,RPR,RMR,CRR
                                    OFFICIAL COURT REPORTER
                                    UNITED STATES DISTRICT COURT