IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| | : | 28 U.S.C. §2255 |
| | : | |
| v. | : | CRIM. NO. 1:07-CR-279-43-CAP |
| | : | |
| KEVIN JIMENEZ CASTILLO | : | CIV. NO. 1:10-CV-1444 |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

COMES NOW the United States of America, by Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and Jenny Turner, Assistant United States Attorney, and hereby files the Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**I. PROCEDURAL HISTORY AND FACTS**

On or about November 12, 2008, a grand jury in the Northern District of Georgia returned a Third Superseding Indictment charging Defendant Kevin Jimenez-Castillo (Defendant) and others with the following offenses: Count One charged a violation of 21 U.S.C. § 841(a)(1)(conspiracy to possess with intent to distribute at least five kilograms of cocaine); Count Fifteen charged a violation of 18 U.S.C. §924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime); and Count Twenty charged a violation of 18 U.S.C § 1956(h) (conspiracy to launder money).

(Doc. 811).

**A. Guilty Plea and Plea Agreement**

On or about January 23, 2009, Defendant entered a negotiated plea of guilty (Doc. 1031) to Counts One and Twenty of the Third Superseding Indictment. In his Plea Agreement, Defendant waived his right to appeal his sentence and conviction, and waived his right to collaterally attack his sentence on any ground, except under limited circumstances that do not apply here. (Doc. 1031 at 2).

During the January 23, 2009, plea hearing, the Court explained Defendant's constitutional rights. (Id. at 6-8). Defendant acknowledged that he understood those rights and that he was waiving them. (Id.).

Later, government counsel summarized the plea agreement's terms, which included a recitation of the applicable penalties. (Id. at 9-12). Thereafter, the Court asked whether the Defendant had "gone over the [plea agreement] with [counsel]," and Defendant replied "yes ma'am" [sic]. (Id. at 12).

Next, the Court advised the Defendant of the applicable mandatory minimum and statutory maximum penalties, saying it "would be required to sentence [him] to no less than 20 years, and up to life." When the Court asked if Defendant understood, Defendant responded "yes." (Id. at 19).

The Court then advised Defendant that the exact guideline calculation was indeterminable at that time and noted that Defendant would remain bound to the plea agreement even if "it turns out that the guideline calculation is different than what you and your lawyer have talked about." (Id. at 20). When the Court asked if Defendant understood, he again responded, "yes, your honor." (Id.).

Next, the Court asked if "anyone had promised [the Defendant] something that's not written down [in the plea agreement]. . . ." (Id. at 14). Defendant responded "no ma'am" [sic]. (Id.). Further, the Court asked if "anybody made you a promise about what your specific sentence would be." (Id.). Again, Defendant replied "no ma'am" [sic]. (Id.). When the Court asked defense and government counsel if either promised Defendant a specific sentence, they both responded that they had not. (Id.).

The Court also asked if Defendant was "pleased with the representation and the advice he had received from [defense] counsel." Again, Defendant responded "yes, your honor." (Id. at 23). Ultimately, the Court found that Defendant freely and voluntarily entered his guilty plea. (Id. at 24).

**B. Sentencing**

The Presentence Investigation Report (PSR) held Defendant accountable for at least 653 kilograms of cocaine. (PSR at ¶56). The probation officer further recommended a two-level enhancement for possession of a firearm, as well as a two-level enhancement because Defendant was convicted of violating 18 U.S.C § 1956. (PSR at ¶¶56-57). Additionally, the probation officer recommended a four-level increase for the Defendant’s role. (Id. at ¶59). Finally, the probation officer found that Defendant’s criminal history category was IV. (Id. at ¶71). Defendant objected to each enhancement and to his criminal history score. (Doc. 1459 at 1-7).

The Court addressed Defendant’s objections during the September 21, 2009, sentencing hearing.[1] (Doc 1465). Although the Court held Defendant accountable for more than 150 kilograms of cocaine,[2] it sustained Defendant’s objection as to role and awarded a three-level enhancement rather than the four-level enhancement that the probation officer recommended. (Id. at 63). The Court also credited defense counsel’s argument as to the two-level

[1]Although Defendant’s appellate counsel was present for the September 18, 2009, sentencing hearing and tendered a notice of appearance, (see Exhibit A attached hereto), the Court declined to entertain the filing and instead simply took testimony from her.

[2]Given that a finding of 150 kilograms warrants a base level of 38, the highest available base offense level, resolving the Defendant’s objection to the probation officer’s 653 kilogram finding with more specificity was unnecessary. See U.S.S.G. §2D1.1.

increase for the firearm, ultimately declining to award that enhancement as well. (Id. at 58). Consequently, the Court set Defendant's total offense level at 43. (Id. at 60,63).

Thereafter, the Court addressed Defendant's criminal history category. After hearing testimony from Defendant's appellate counsel, who represented Defendant in a matter relevant to his criminal history score, the Court sustained Defendant's objections on this matter as well.(Id. at 63).

After setting Defendant's guideline range at 360 months to life, the Court then entertained Defendant's request for a variance.[3] (Id. at 76). Specifically, Defendant's counsel asked the Court to vary from the guideline range by imposing a sentence in the 240 month range. (Id. at 77).

After hearing Defendant's argument, the Court granted that request in part. (Id. at 79). Ultimately, the Court sentenced Defendant to serve 324 months as to Count 1 and 240 months as to Count 20, to run concurrently. (Id.).

**C. Direct Appeal and other Post Conviction Proceedings**

Defendant's appellate counsel timely filed a direct appeal. (Doc. 1548). On October 27, 2009, Defendant's appellate counsel withdrew the appeal with prejudice in a document that the Defendant

[3]Regardless of defense counsel's objection to Defendant's criminal history level, his Guideline range remained 360-life.

personally signed. (See Exhibit B attached hereto). On December 2, 2009, the Eleventh Circuit granted Defendant's motion. (Doc. 1640).

On May 10, 2010, Defendant timely filed this Motion.(Doc. 1031-2). On May 24, 2010, the Court directed the Government to respond. (Doc 1780).

**II. LEGAL ARGUMENT & CITATION OF AUTHORITIES**

In this case, Defendant asserts that his counsel was ineffective[4] and requests and evidentiary hearing. The Sixth Amendment provides that, "In all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defence." U.S. Const. Art. III, § 2, cl. 3; see Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel brought pursuant to § 2255 and the Sixth Amendment, a two prong showing is necessary. Id. at 687.

First, a defendant must show that defense counsel's performance was deficient in that it was unreasonable in light of the "prevailing professional norms" and that "no competent counsel" would have taken the action or committed the contested omission. See Strickland, 466 U.S. at 687-88; Chandler v. United States, 218

[4]Although Defendant's motion leaves unclear whether he intends to complain about his appellate counsel's conduct, because one ground that he asserts in support of his ineffectiveness claims failing relates to a failure to file a direct appeal, and because his appellate counsel filed a notice of appeal on his behalf, the Government infers that the appointed counsel who represented the Defendant before the district court in original proceedings is the target of his criticisms.

F.3d 1305, 1315 (11th Cir. 2000). When challenging defense counsel's performance for unreasonableness, a defendant faces a "strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." Chandler, 218 F.3d at 1316 and n.18; Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996) (noting that a strong presumption exists that counsel's action constitutes "sound strategy").

A defendant bears the burden of establishing that his or her counsel performed unreasonably. See Strickland, 466 U.S. at 687-88; Chandler, 218 F.3d at 131. Where a defendant fails to meet this burden, the court need not analyze prejudice; likewise, where a defendant fails to show prejudice, a court need not examine reasonableness. See Strickland, 466 U.S. at 697; Chandler, 218 F.3d at 1312-13.

Second, should a defendant show unreasonableness, he or she must then establish prejudice resulting from the inadequate performance. Strickland, 466 U.S. at 668, 687-88; Chandler, 218 F.3d 1305 at 1313. "A reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," is necessary to show prejudice. Strickland, 466 U.S. at 698. A "reasonable probability" is a probability sufficient to undermine confidence in the case's outcome. Id.

Here, the Defendant argues that his counsel rendered ineffective assistance by (1) failing to file a direct appeal at

Defendant's request (Doc. 1779 at 3); (2) failing to argue at sentencing that Count Twenty does not apply to Defendant because of the language in 18 U.S.C. § 1957 (Id. at 6); (3) advising him inadequately about the potential consequences of the charges against him by promising a specific sentence and promised certain downward adjustments, neither of which he received (Id. at 2, 5); and (4) failing to argue for a minimal role adjustment at sentencing. (Id. at 5). For the reasons below, Defendant is wrong.

**1. Reasonableness**

Here, while Defendant's first contention, that his original counsel performed unreasonably by disregarding an instruction to file a direct appeal, might arguably have some merit on the reasonableness issue,[5] none of the remaining acts or omissions about which Defendant complains fell below the applicable standard. For instance, Defendant's second contention, that his counsel unreasonably failed to argue that § 1957's language rendered that statute and hence Count Twenty inapplicable to him fails as a matter of fact, for it ignores that the Third Superseding Indictment charged a violation of 18 U.S.C. §1956(h). (Doc. 811).

---

[5]See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (finding that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner); Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005)(finding that if the defendant requests his attorney file a notice of appeal, the attorney is ineffective for failing to do so). As shown below, however, any arguable failure on this point caused no prejudice.

Consequently, his counsel's decision not to raise this argument at sentencing or at any other time was a perfectly rational strategic decision.

As to the Defendant's third contention, that his counsel failed to adequately inform him about the scope of consequences of that he faced by pleading guilty, by promising him specific Guideline reductions, and by promising him a specific sentence, he ignores his sworn assurances to the contrary.[6] A defendant's sworn statements carry a "strong presumption of verity." Blackledge v. Allison, 431 U.S 63, 74 (1977). To overcome that presumption, a defendant must present more than "mere conclusory allegations." (Id.). Contrary to his representations, the Defendant acknowledged at his plea hearing that he understood the charges against him and the consequences of pleading guilty. (Doc. 1031 at 24). He further swore that no one made him any promises beyond those memorialized in his plea agreement and that he understood, that no one had promised him a specific sentence, and that only the Court could decide the length of his sentence. (Doc. 1031 at 14, 23).

[6]To the extent that the Defendant intends to litigate whether his guilty plea was knowing and voluntary outside the context of his ineffectiveness claims, his argument is not only procedurally barred by his failure to raise the matter on direct appeal, see Bousley v. United States, 523 U.S. 614, 621 (1998) (finding that the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review), but also foreclosed pursuant to the collateral attack waiver in his plea agreement.

Consequently, his argument fails on this point as well.

The Defendant's fourth contention, that his counsel performed unreasonably by failing to argue at sentencing for a minimal role sentencing adjustment, is similarly ill-founded.[7] The United States Sentencing Guidelines allow for a minimal role reduction for "defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2. cmt. n,4. Given the Court's finding that the Defendant's conduct warranted a three-level adjustment for leadership, an upward adjustment applicable to individuals who "exercised management responsibility over the property, assets, or activities of a criminal organization," defense counsel's decision not to argue for a minimal role reduction constituted an utterly unassailable strategic judgment as a matter of law. U.S.S.G. § 3B1.1. cmt. n,2. Consequently, the decision not to raise this argument did not fall

[7]Furthermore, to the extent that the Defendant intends to raise these matters outside of the context of his ineffectiveness claims, his argument is barred not only for the reasons described in note 6, but also because sentencing errors and the technical applications of the Sentencing Guidelines are not "cognizable grounds for relief" in a §2255 action. See Ayuso v. United States, 361 Fed. Appx. 988, 991 (11th Cir 2010); Hunter v. United States, 559 F.3d 1188, 1191 (11th Cir. 2009); Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998)(finding that the defendant's claim was not cognizable on collaterally review because it is neither "constitutional nor jurisdictional and does not constitute a fundamental defect resulting in a complete miscarriage of justice."); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (noting that a district court's technical application of the sentencing guidelines "does not give rise to a constitutional issue cognizable under a §2255).

below any professional norm.

Summarily, all decisions Defendant challenges, except for the allegation that his original counsel disregarded an instruction to file a direct appeal, showed reasonable professional judgment and sound representation strategy. Consequently, the Court may summarily deny all of the Defendant's ineffectiveness claims but one on this prong alone.[8]

**2. Prejudice**

Assuming arguendo that Defendant's counsel performed unreasonably by failing to file a direct appeal, failing to attack Count Twenty, giving substandard advice that induced the Defendant's guilty plea, and failing to ask for a downward adjustment for minimal role at sentencing, the Defendant cannot come forward with evidence to show prejudice on this record. An adequate prejudice showing requires evidence that counsel's "unreasonable errors . . . had an adverse effect on the defendant." See Hill, 474 U.S at 57; Slicker v. Wainwright, 809 F.2d 768 (11th Cir. 1987). Because no set of facts exist under which Defendant can show that the failures he cites prejudiced him, the Court may dismiss all of his claims without further proceedings.

For instance, as to the first ground, even if the Defendant

[8]Furthermore, Defendant stated to the Court at his sentencing hearing that his counsel's representation was sufficient and that he was "pleased with the representation and the advice he had received from defense counsel in this case." (Doc. 1031 at 23).

directed the attorney appointed to represent him in the district court to file a notice of appeal, and even if that attorney failed to follow the instruction, Defendant's retained appellate counsel timely filed a notice of appeal on his behalf. Under such circumstances, the Defendant had a full and fair opportunity as a matter of fact to litigate any issues that he wished on appeal. Consequently, any alleged decision that his original counsel made to disregard the Defendant's directive caused no harm.

For other reasons, the Defendant's second and fourth allegations likewise fail. As to the second contention, because the record shows no viable ground for attacking Count Twenty, either by reference 18 U.S.C. § 1957, or on any other basis, any suggestion that such a "failure" caused the Defendant harm is frivolous. In a related vein, as to the Defendant's fourth contention, because the Court found that the Defendant was entitled to a three-level upward adjustment for an aggravating role, and because such a finding is inconsistent with a finding that the Defendant was entitled to downward adjustment for a mitigating role, the Defendant could not have suffered any harm as a result of defense counsel's decision not to ask for the downward adjustment. Cf. U.S.S.G. § 3B1.1(explaining that an aggravating role increase is warranted if the defendant was an organizer, leader, manager or supervisor of criminal activity),U.S.S.G. § 3B1.2 (explaining that a mitigating role decrease is warranted if the defendant was a

minimal or minor participant in the criminal activity).

Finally, on the third ground, even assuming that defense counsel in fact gave insufficient advice about the consequences of the Defendant's guilty plea, the applicability of certain adjustments, or the sentence that the Defendant should expect, not only is the record inconsistent with a prejudice finding, but the Court's advice to the Defendant severed any causal connection between the bad advice and any alleged harm. The record shows that after the Court specifically advised the Defendant that a life imprisonment term was a possible consequence of his plea, the Defendant, who was ultimately sentenced to only 324 months, acknowledged that he understood. Cf. Long v. United States, 883 F.2d 966, 969 (11th Cir. 1989) (finding that erroneous advice did not cause prejudice to the defendant where defendant received a benefit from pleading guilty and requiring evidence that defendant received "the maximum sentence allowable" to show prejudice). Furthermore, despite his contentions that his counsel's inaccurate assurances about his entitlement to specific downward adjustments caused him to plead guilty, the Defendant likewise acknowledged under oath that he knew that no one, including the Court, could be certain how the Guidelines would apply to him at the time of his plea, an acknowledgment wholly at odds with his present contentions and sufficient to break the causal chain between the allegedly bad advice and the plea. See Bryan v. United States 492 F.2d 775, 779-

780 (5th Cir. 1974) (finding where defendant offered only his own affidavit in support of his allegations, and the affidavit directly contradicted his statements made at his guilty plea hearing, the district court properly denied relief). Additionally, given the Defendant’s sworn assurances to the Court that no one had made him any promises of a specific sentence or any other promise not captured in the Plea Agreement’s terms, any suggestion that such promises misled him and hence induced his guilty plea are spurious. Id. Consequently, the Defendant’s arguments on his third point offer him no ground for relief, either.

**3. Summary**

Defendant cannot satisfy either prong of his ineffectiveness claim in light of the record. Therefore, the Court should deny Defendant’s motion.

**A. No evidentiary hearing is needed.**

Although Defendant requests a hearing, the Court need not hold one prior to ruling on Defendant’s motion. An evidentiary hearing is not necessary every time a §2255 claim is raised. Gordon, 518 F.3d at 1301. A §2255 petitioner “is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief.” Futch v. Duggar, 847 F.2d 1483, 1485 (11th Cir. 1989). Because the record is at odds with Defendant’s claim that he was dissatisfied with his attorney, the Court need not hold an evidentiary hearing. See United States v. Ferguerson, 699 F. 2d

1071, 1073 (11th Cir. 1983). Denying a request for a hearing presents no error when the court can "conceive of a reasonable motivation for counsel's actions." Gordon, 518 F.3d at 1302.

As shown above, Defendant's brief lacks any allegation that would entitle him to relief regardless of what evidence he brings in support concerning the ineffectiveness claim. Summarily, because the record is sufficient to enable the Court to dispose of Defendant's Motion without extrinsic evidence, no hearing is required.

## III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court deny Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1779) without hearing.

Respectfully Submitted,

SALLY QUILLIAN YATES.
UNITED STATES ATTORNEY

/s Jenny R. Turner
JENNY R. TURNER
ASSISTANT UNITED STATES ATTORNEY
600 Richard B. Russell Bldg.
Atlanta, Georgia 30303
(404) 581-6084
(404) 581-6171 (fax)
Georgia Bar No. 719439

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL INDICTMENT |
| | : | 1:07-CR-279-43-CAP |
| v. | : | |
| | : | CIVIL ACTION |
| KEVIN JIMENEZ CASTILLO, | : | 1:10-CV-1444 |
| | : | |
| Defendant. | : | |

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the above was prepared using Courier New 12 point font, and that I have caused a copy of the foregoing GOVERNMENT’S RESPONSE TO DEFENDANT’S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE to be electronically filed with the Clerk of Court using the CM/ECF system, and to be delivered to the following non-CM/ECF participant(s) by depositing a copy in the United States mail in an envelope bearing sufficient postage for delivery:

Kevin Jimenez Castillo
Reg. # 39509-018
FCI Pollock
P.O. Box 4050
Pollock, LA 71467

This 2nd day of August, 2010.

S/JENNY R. TURNER
Assistant United States Attorney
JTurner1@us.doj.gov